Martin, J.
delivered the opinion of the court. The plaintiff presented his petition to the court of probates, stating that Solomon Stearns, his son, died intestate, and without issue-that the defendant was appointed curator of his estate; wherefore he prayed that the defendant be di reeled to render an account of his curatorship, and to pay the balance in his hands.
The defendant answered, denying that the petitioner is the deceased's father and that he *519 the curator, received as much of the estate is stated in the petition.
Rogers, the special administrator, deposed, that he found, in the deceased’s trunk, a letter from one William Stearns, from the contents of which he understood him to be the deceased’s father ; he accordingly wrote to him, and the letter has been presented to him by William Stearns, junior, a son of the petitioner. He understood, from several persons, the deceased’s father resided in Massachusetts. He was satisfied that William Stearns, who handed him the letter, was the son of William Stearns, the deceased’s father; he has heard that he is, and it is so reported in New-Orleans.
Braynard deposed he is acquainted with the family of the Stearns-that they reside at Aburn-ham, in Massachusetts, (the place to which Rogers directed his letter.) In the spring of 1816, he saw, in Boston, W. Stearns, the father, who informed him he had received Rogers’ letter, apprising him of the death of his son in New-Orleans. It was generally reported in Boston, that W. Stearns had lately lost a son in New-Orleans. From his knowledge of the family, he has no doubt of the petitioner being the father of Solomon Stearns, deceased. The petitioner resides at a distance of 48 miles from *520 the witness, who saw him, for the first time, in 1816, when he came to inquire of the witness about the affairs of the deceased. The witness’s wife, as lie understood from her, was intimate with the family of the Stearns, both before and after her marriage, and one of the petitioners’ nieces spent some time at the house of the witness, in Boston, and at her request his wife desired him to make inquiries about William Stearns.
Fitz deposed that, about eighteen months ago, he saw the petitioner in Boston, at a Mr. Pratt’s, where he had come to inquire about the estate of his son, lately dead in New-Orleans, with a view to obtain information respecting the formalities to be fulfilled, to obtain the estate, and some account of the person in whose hands it had fallen-that he was accompanied by W. Stearns, junior, his son, whom he was about to despatch, on that errand, who is now here, and brought a letter from Pratt to Shepperd and Touro, his correspondents.
A power of attorney from the petitioner to William Stearns, junior, empowering him to receive that estate, was produced, acknowledged by him before a, justice of the peace in Massachusetts, whose certificate was authenticated by the governor of that state.
Smith for the plaintiff, Livingston for the defendant.
The defendant objected to the introduction of this power, as not guilty proven.
The judge of probate ordered the curator and defendant to account and pay the balance to W. Stearns, junior, the bearer of the power of attorney.
From this judgment the curator appealed.
This court is of opinion, that the court of probates correctly admitted that the issue between the parties, as to the right of the petition er to the estate, was proven; but, in regard to the power of attorney, as we are without any mean of ascertaining whether it was legally executed, according to the laws of Massachusetts, we cannot say that it ought to have been admitted.
It is, therefore, ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed; and it is ordered, that the defendant and curator do account with and pay the balance due to the petitioner, and that the costs in this court be paid by the appellee, and in the court of probates by the appellant.